IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH COLLINS, as personal representative and next of kin of JOSEPH LOU COLLINS BURKHART, deceased,<br><br>　　　Plaintiff,<br><br>v.<br><br>RUSSELL RUSZKOWSKI, in his individual capacity; NEW TAZEWELL, TENNESSEE; CLAIBORNE COUNTY, TENNESSEE; JOHN DOE 1, in his individual capacity; and JOHN DOE 2, in his individual capacity,<br><br>　　　Defendants. | Case No.<br>Jury Demanded |

## COMPLAINT

Plaintiff, Joseph Collins, as personal representative and next of kin of Joseph Lou Collins Burkhart, by and through counsel, and for his Complaint against Defendants, avers as follows:

### Nature of Action

1. Plaintiff brings this civil action under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution to recover monetary damages for the wrongful death of Joseph Lou Collins Burkhart, a 26-year-old man who died on October 10, 2021, at the Claiborne County Jail from cardiopulmonary failure caused by a drug overdose. Burkhart died less than five hours after New Tazewell police found him unconscious at a local gas station, where he was arrested for public intoxication.

### Jurisdiction and Venue

2. Plaintiff brings this action under 42 U.S.C. § 1983.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

Parties

6. Plaintiff Joseph Collins is the father and next of kin of Joseph Lou Collins Burkhart (hereinafter, "Burkhart"), who died on October 9, 2021, at the age of 26 while in the custody of the Claiborne County Jail.

7. Plaintiff is the proper person to bring this wrongful death action under Tenn. Code Ann. § 20-5-106(a) and federal law.

8. Defendant Russell Ruszkowski is a police officer with the New Tazewell Police Department. Defendant Ruszkowski is a "person" under 42 U.S.C. § 1983 and, at all times relevant to this case, acted under color of state law. Defendant Ruszkowski is sued in his individual capacity.

9. Defendant New Tazewell, Tennessee is a municipality organized under the laws of the State of Tennessee. Defendant Knoxville is a "person" under 42 U.S.C. § 1983.

10. Defendant Claiborne County, Tennessee is a unit of local government organized under the laws of the State of Tennessee.

Facts

11. At 8:30 p.m. on October 9, 2022, Defendant Ruszkowski was assisting another officer with a routine traffic stop at the Marathon gas station located at 1109 Old Highway 33 in New Tazewell, Tennessee.

12. During the traffic stop a concerned citizen approached Defendant Ruszkowski and informed him that there was a man (known now to be Burkhart) who was unconscious and hanging out of the driver side of a Mazda parked on the other side of the gas station.

13. Upon information and belief, Defendant Ruszkowski knew Burkhart from prior law enforcement encounters and knew that Burkart had a history of drug abuse.

14. According to Defendant Ruszkowski's arrest report, as he approached Burkhart's vehicle he observed him "passed out with his head leaning in between his legs with the driver door open;" that it took "multiples times to wake" Burkhart before "he came to;" and that Burkhart smelled of "alcohol" and was "unsteady on his feet."

15. Police bodycam footage confirms that Burkhart was completely unconscious when Defendant Ruszkowski found him, with his head between his head resting on the concrete.

16. Once Defendant Ruszkowski was able to wake Burkhart he repeatedly asked what Burkhart had been "taking," expressing disbelief in Burkhart's earlier statement that he had had only a 2-3 drinks by pointing out that Burkhart's was so passed-out that he was "head-butting the concrete."

17. Defendant Ruszkowski arrested Burkhart for public intoxication and driving on a suspended license, cuffed him, and put him in the back of his squad car, warning him that if he were to later find "dope" in his car that Burkhart would be charged with it.

18. Throughout the hour-long encounter between Defendant Ruszkowski and Burkhart, including during the drive to the Claiborne County Jail, video footage shows Burkhart acting erratically, falling in and out of consciousness, unable to keep his body upright, appearing limp, and exhibiting other obvious signs of a drug overdose requiring emergency medical attention.

19. Defendant Ruszkowski failed, however, to call for emergency medical or transport

Burkhart to the nearest hospital, which he easily could have done.

20. Instead, Burkhart arrived at the Claiborne County Jail at approximately 9:45 p.m., where he was booked into the jail by correctional officers Defendant John Doe 1 and Defendant John Doe 2 who appear on Defendant Ruszkowski's bodycam but whose names are presently unknown.

21. Upon information and belief, despite the obvious need for emergency medical attention, at no point did Defendant Ruszkowski, Defendant John Doe 1, or Defendant John Doe 2 call for emergency medical assistance.

22. Upon information and belief, Defendant John Doe 1 and Defendant John Doe 2 conducted a brief medical screen of Burkhart, determined that he was most likely suffering from an opioid overdose, and, at some point not longer after he arrived at the jail, administered Naloxone to Burkhart.

23. Naloxone (Narcan) is an opioid antagonist that is usually administered nasally and is designed to rapidly reverse opioid overdose. The fact that Burkhart's post-mortem toxicology report reveals the presence of Naloxone indicates that someone at the jail, likely Defendant John Doe 1 and/or Defendant John Doe 2, knew that Burkhart was suffering from opioid overdose/toxicity. Despite administering Naloxone, however, neither Defendant John Doe 1, nor John Doe 2, nor any other correctional officer or medical staff called 911 or otherwise sought emergency medical attention.

24. Furthermore, upon information and belief, either due to lack of training or indifference, Defendant John Doe 1, Defendant John 2, and other correctional officers failed to even place Burkhart under medical observation. Instead, Burkhart was housed in a shared cell and essentially left to 'sleep off' a medical emergency.

25. Upon information and belief, other inmates tried to no avail to get help for Burkhart.

26. Burkhart was last seen alive at 10:45 p.m. on October 9, 2021, by a correctional officer who was taking his break and recalls seeing Burkhart "moving."

27. At 1:27 a.m. on October 10, 2021, another correctional officer found Burkhart unresponsive. He was officially pronounced dead at 4:39 a.m. by telephone by the jail medical doctor, Dr. Carroll E. Rose.

Count I - § 1983
Individual Liability of Defendant Ruszkowski

28. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–27 as if set forth fully herein.

29. At all times material hereto, Defendant Ruszkowski acted under color of law.

30. Defendant Ruszkowski seized Burkhart at 8:30 p.m. on suspicion of public intoxication.

31. Defendant Ruszkowski found Burkhart unconscious, observed him acting erratically and unable to control his body, and knew that Burkhart was likely suffering from a medical emergency.

32. Defendant John Doe 1 and Defendant John Doe 1 and other correctional officers likewise observed Burkhart in medical distress as in part evidenced by their administration of Naloxone. They chose not to seek further medical attention for Burkhart; and they intentionally ignored or recklessly failed to act reasonably to mitigate the risk of serious harm to Burkhart, even though a reasonable officer in Defendants' position would have known that the serious medical need posed an excessive risk to Burkhart's health or safety, thereby violating Burkhart's Fourteenth Amendment right to due process of law.

33. As a direct and proximate result of Defendants' violations of Burkhart's constitutional rights, Burkhart did not receive adequate medical attention.

34. As a direct and proximate result of Defendants' violations of Burkhart's constitutional rights, Burkhart suffered needlessly and died unnecessarily.

35. Plaintiff is entitled to an award of all damages sustained by Burkhart, including the mental and physical suffering Burkhart endured before his death on October 10, 2021; the pecuniary value of the life of Burkhart; and all medical and funeral expenses incurred.

36. Plaintiff is further entitled to attorneys' fees, costs, and expenses of this action under 42 U.S.C. § 1988.

## Count II - § 1983
### Municipal Liability of New Tazewell, Tennessee

37. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1–36 as if set forth fully herein.

38. At all times material hereto, Defendant New Tazewell, Tennessee maintained a policy or custom of failing to adequately train and supervise its police officers on how to assess and respond to medical emergencies involving arrestees, which was the moving force behind Plaintiff's constitutional injuries, thereby violating Burkhart's Fourteenth Amendment right to due process of law.

39. As a direct and proximate result of Defendant's violations of Burkhart's constitutional rights, Burkhart did not receive adequate medical attention.

40. As a direct and proximate result of Defendant's violations of Burkhart's constitutional rights, Burkhart suffered needlessly and died unnecessarily.

41. Plaintiff is entitled to an award of all damages sustained by Burkhart, including the mental and physical suffering Burkhart endured before his death on October 10, 2021; the pecuniary value of the life of Burkhart; and all medical and funeral expenses incurred.

42. Plaintiff is further entitled to attorneys' fees, costs, and expenses of this action under 42

U.S.C. § 1988.

## Count III – § 1983
### Municipal Liability of Claiborne County, Tennessee

43. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1–42 as if set forth fully herein.

44. At all times material hereto, Burkhart was a pretrial detainee in the custody of Claiborne County and, as such, had a right to adequate medical care and attention as secured by the Fourteenth Amendment to the United States Constitution.

45. Acting under color of state law, officers, agents and employees of Claiborne County knew of and disregarded a substantial risk of serious harm to Burkhart's health and safety and thereby acted with deliberate indifference to the serious medical needs of Burkhart, causing his untimely death.

46. In so doing, said officers, agents, and employees acted pursuant to an official policy or longstanding practice or custom of Defendant Claiborne County of denying pretrial detainees and similarly situated persons appropriate medical attention.

47. In addition to this official policy or longstanding practice or custom, Defendant Claiborne County failed to adequately train its jail personnel how to properly respond to medical emergencies. Said failure to train amounts to deliberate indifference to the rights of pretrial detainees and similarly situated persons in the custody of Claiborne County.

48. As a direct and proximate result of Defendant's violations of Burkhart's constitutional rights, Burkhart did not receive adequate medical attention.

49. As a direct and proximate result of Defendant's violations of Burkhart's constitutional rights, Burkhart suffered needlessly and died unnecessarily.

50. Plaintiff is entitled to an award of all damages sustained by Burkhart, including the

7

Case 3:22-cv-00358-KAC-JEM   Document 1   Filed 10/09/22   Page 7 of 9   PageID #: 7

mental and physical suffering Burkhart endured before his death on October 10, 2021; the pecuniary value of the life of Burkhart; and all medical and funeral expenses incurred.

51. Plaintiff is further entitled to attorneys' fees, costs, and expenses of this action under 42 U.S.C. § 1988.

Prayer for Relief

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. That Defendants be made to answer this Complaint within the time allotted by the Federal Rules of Civil Procedure.

2. An award of all compensatory damages in the amount of one million, five hundred thousand dollars ($1,500,000.00);

3. An award of all prejudgment and post-judgment interest;

4. A declaratory judgment against Defendants that practices applied to Plaintiff were unconstitutional and an injunction enjoining these Defendants from further such conduct;

5. An award of reasonable attorney's fees and costs.

6. Such other legal and equitable relief to which Plaintiff may be entitled; and

7. Plaintiff further demands a Jury to try this cause.

Filed this 9th day of October, 2022.

Respectfully submitted,

/s/Richard E. Collins
Dan Channing Stanley (TN Bar No. 021002)
Richard E. Collins (TN Bar No. 024368)
STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-mail: dan@knoxvilleattorney.com
E-mail: richard@knoxvilleattorney.com

Ursula Bailey (TN Bar # 020616)
LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-mail: ubailey65@gmail.com

**Counsel for Plaintiff**