UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH COLLINS, as personal representative and next of kin of JOSEPH LOU COLLINS BURKHART, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>RUSSELL RUSZKOWSKI, in his individual capacity; NEW TAZEWELL, TENNESSEE; and CLAIBORNE COUNTY, TENNESSEE,<br><br>   Defendants. | No.: 3:22-CV-358-KAC-JEM |

### SCHEDULING ORDER

1. **Introduction:** The Parties filed a Rule 26(f) report on December 6, 2022. The key scheduling dates in this case are listed below with further discussion in this Order. *Except as otherwise set forth in this Order, the schedule will not change except for good cause shown in strict compliance with Rule 6(b).*

| Key Scheduling Dates | |
|---|---|
| Trial Begins | 3/5/2024 |
| Estimated Length of Trial | 4 days |
| Final Pretrial Conference | 2/20/2024 |
| Dispositive Motions Deadline and *Daubert* Motion Deadline | 11/6/2023 |
| Discovery Deadline | 9/22/2023 |
| Expert Disclosure Deadline | **Plaintiff(s): 7/10/2023**<br>**Defendant(s): 8/8/2023**<br>**Rebuttal: 8/22/2023** |

2. **Jurisdiction:** In this case, the subject matter jurisdiction of the Court has been invoked by plaintiff pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. **Settlement/Alternative Dispute Resolution:** The Parties are advised of the availability of the Federal Mediation Program (*see* Local Rule 16.4) and shall consider utilization of the program.

1

a. **Utilization of Federal Mediation Program:** If the Parties elect to utilize the Federal Mediation Program, please notify the Mediation Coordinator; Howard H. Baker, Jr. United States Courthouse; 800 Market Street, Suite 130; Knoxville, Tennessee 37902.

4. **Disclosure and Discovery; Including Experts:**

   a. **Rule 26(f) Meeting and Discovery Plan:** The Parties filed a Rule 26(f) report on December 6, 2022. The Parties shall follow their discovery plan but may seek assistance from the Court in the event of a dispute.

   b. **Electronic Discovery:** Counsel for the Parties "agree to undertake reasonable measures to preserve" electronically stored information [Doc. 11 at 2]. The Parties shall confer regarding the manner and method of exchanging electronic discovery and seek the Court's assistance in the event an agreement cannot be reached.

   c. **Initial Disclosures:** The Parties agreed to complete initial disclosures under Rule 26(a)(1) by January 15, 2023.

   d. **Protective Orders:** In the event a need for a protective order arises, the Parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either Party may file a motion for a protective order.

   e. **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made by the plaintiff(s) on or before **7/10/2023**, and by defendant(s) on or before **8/8/2023**. Parties shall disclose rebuttal expert testimony no later than **8/22/2023**. Parties shall supplement these disclosures when required under Fed. R. Civ. P. 26(e).

   f. **All Discovery:** All discovery, including expert depositions, shall be completed by **9/22/2023**. All written discovery requests should be served sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

   g. **Motion to Compel:** Prior to filing a motion to compel, relevant Parties shall meet and confer in an attempt to resolve the dispute. If the relevant Parties are unable to resolve the dispute informally, the relevant Parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, the Parties may file an appropriate written motion with the Court. Any written motion shall include a certification of compliance with this subsection and, if applicable, the written certification required by Fed. R. Civ. P. 37(a)(1).

5. **Other Scheduling Matters and Motion Practice**

   a. **Amendment of Pleadings/Joinder:** Any motion to amend the pleadings or add Parties should be filed on or before **8/15/2023**.

b. **Dispositive Motions:** All dispositive motions under Federal Rule of Civil Procedure 12 or 56 shall be filed on or before **11/6/2023**. Any untimely motion may be summarily denied. Per Local Rule 7.1(a), a responding Party shall have **twenty-one (21)** days after the date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion on the basis of the record as it then appears.

c. **Expert Witness and *Daubert* Motions:** Objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, shall be filed by **11/6/2023**. Responses shall be filed on or before **12/6/2023**. Pursuant to Local Rule 7.1(c), unless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.

**Any applicable objection must be filed by this date or an extension thereof. Otherwise, the objection is deemed waived. If a Party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline.**

d. **Motions in Limine:** Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) must be filed by **1/5/2024**. Responses must be filed on or before **2/5/2024**. Motions in limine may be heard at the final pretrial conference.

If the Court grants a motion in limine excluding a portion of a recording, counsel must edit the recording to conform to the Court's order, or the recording will not be admitted into evidence.

**The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony in full or in part pursuant to Federal Rules of Evidence 701 through 706 must be filed on or before the *Daubert* motion deadline.**

e. **Other Nondispositive Motions:** All nondispositive motions other than motions in limine shall be filed on or before **1/5/2024**. Consistent with Local Rule 7.1(a), responses must be filed on or before **1/19/2024**.

f. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **thirty (30) days** before the final pretrial conference, the Parties shall make pretrial disclosures in accordance with the following:

Provide to all Parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented within **five (5) days** after service. After that time the list shall only be supplemented with leave of Court and for good cause.

Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the exhibits for inspection by the opposing Parties.

Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Objections must be filed at least **twenty-one (21) days** prior to the final pretrial conference. Unless written objection is made to the authenticity and/or admissibility of an exhibit, an objection to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

Furnish opposing Parties a list of damages, if damages are claimed.

**Failure to fully comply with this section will likely result in the exclusion of these items from use at trial in that Party's case-in-chief.**

g. **Depositions for Evidence**: Depositions for evidence (proof) shall be completed **thirty (30) days** prior to the final pretrial conference.

6. **Final Pretrial Conference and Pretrial Orders**

   a. **Final Pretrial Conference:** A final pretrial conference will be held on **2/20/2024** at 10:00 a.m. at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C.

   b. **Final Pretrial Order:** A proposed final pretrial order shall be filed **five (5) days** before the final pretrial conference. The order shall contain the following recitals:

   (1) Jurisdiction.

   (2) Admissions and Stipulations. The Parties shall set out in numbered paragraphs each fact that is not in dispute. The Parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects the Parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the Court will read this section to the jury and instruct the jury to accept these stipulated facts as true.

   (3) General Nature of the Claims of the Parties:

   a) Summary of each plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and must be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

   b) Summary of each defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to

know the defenses and must be able to state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

(4) Contested Issues of Law.

(5) Novel or Unusual Questions of Law or Evidence.

(6) Damages. If damages cannot be stipulated, each Party must show the method by which damages should be calculated if awarded.

(7) Other Trial Information and Other Matters.

   a) That the pleadings are amended to conform to the pretrial order.

   b) Estimated length of trial (in eight (8) hour days).

   c) Possibility of settlement.

   d) Any miscellaneous matters that may contribute to the just, speedy, and inexpensive disposition of the case.

**Forty-five (45) days** before the final pretrial conference, each Plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of Defendant. Within **five (5) business days** after receipt thereof, opposing counsel shall furnish each Plaintiff's counsel with each Defendant's theory and advise of any disagreement as to proposed pretrial order content. The Parties shall make good faith efforts to reconcile all differences without the Court's intercession. If the Parties cannot agree on a pretrial order, each Plaintiff's counsel shall notify the undersigned's Chambers at least **twenty-one (21) days** before the final pretrial conference that the Parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by the Magistrate Judge may be sought by motion filed **ten (10) days** following entry of the order.

**Failure to file an agreed pretrial order or to notify the undersigned's chambers that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action, and the Court may dismiss the action.** *See* **Fed. R. Civ. P. 41(b).**

  c. **<u>Filings Required after Final Pretrial Conference:</u>** At least **seven (7) days** before trial, counsel will:

(1) File a final witness list identifying only the witnesses who will be used at trial. This list shall not identify any witness not appearing on the witness list referenced above;

(2) File a list of damages. The Court prefers a stipulated list of damages. However, if an agreement cannot be reached, each Party must file a list showing the amount of damages and method of determining damages;

(3) File designations of depositions or portions thereof which will be read at trial;

(4) File as an exhibit the resumes of any expert witnesses;

(5) **Jointly** submit pre-marked exhibits. Plaintiff's exhibits shall be numbered numerically; e.g., Ex. 1, 2, 3, etc. Defendant's exhibits shall be listed alphabetically, e.g., Ex. A, B, C, etc. In a case with more than one plaintiff or defendant, please identify the appropriate Party on each exhibit; *e.g.*, in a case with three corporate defendants: Corporation 1 Ex. A, Corporation 2 Ex. A, Corporation 3 Ex. A;

(6) File briefs of all contested issues of law; and

(7) For non-jury issues, file proposed findings of fact and conclusions of law with citations of authority supporting the latter.

d. **Jury Instructions:** At least **ten (10) days** before a jury trial, the Parties shall file requests for jury instructions, citing with each request at least one supporting authority. The Parties shall also submit the proposed instructions as a Word document via e-mail to the undersigned's chambers.

7. **Trial:** The trial will be in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C, before the undersigned and a jury beginning on **3/5/2024 at 9:00 a.m.**[1] The expected length of trial is **four (4) days**.

Should the scheduled trial date change for any reason, the other dates contained in this order that are not expressly tied to the trial date shall remain as scheduled.

8. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. Attorneys are encouraged to familiarize themselves with this technology and to make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy, Mr. Jason Huffaker, at least **two (2) days** prior to a hearing or trial so the equipment is ready for use. The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

---

[1] The demands of the Court's docket dictate that all civil cases be scheduled for trial in Knoxville, Tennessee, where the undersigned sits, regardless of the division in which the case was originally filed. However, the Court will entertain a motion to conduct the trial in another division of this Court upon a showing of good cause by the Parties. Any such motion must be filed after the dispositive motions deadline but no later than **thirty (30) days** before the final pretrial conference. The grant or denial of any such motion rest in the Court's sole discretion.

The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. The Court will release admitted evidence to the jury during deliberations, unless the Court specifically directs otherwise, and the evidence may be played back by the jury in the deliberation room. To best facilitate presentation of evidence at trial and use of the JERS, the Parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than **seven (7) days** before trial. The exhibits shall be the exhibits that were previously marked and numbered by the Parties. The exhibits SHALL BE SUMBITTED IN ELECTRONIC FORMAT. It is preferred that the Parties provide all electronic evidence files on USB drives, DVDs, or CDs.

Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy.

9. **Conclusion:** A failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be.

SO ORDERED:

_____
Katherine A. Crytzer
United States District Judge