UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH COLLINS, as personal representative and next of kin of JOSEPH LOU COLLINS BURKHART, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSEL RUSZKOWSKI, in his individual capacity; NEW TAZEWELL, TENNESSEE; and CLAIBORNE COUNTY, TENNESSEE,<br><br>    Defendants. | No.: 3:22-CV-358-KAC-JEM |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to File Proposed Amended Complaint Joining Additional Personal Representatives for Decedent ("Motion to Amend") [Doc. 17]. Defendants have responded in opposition to the motion [Doc. 21]. Plaintiff did not reply, and the time for any reply has passed. *See* E.D. Tenn. L.R. 7.1. The motion is therefore ripe for adjudication. For the reasons set forth below, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Amend [**Doc. 17**].

I. **BACKGROUND**

Plaintiff, Joseph Collins, brought this civil action to recover monetary damages under 42 U.S.C. § 1983 as the personal representative and next of kin for his son, Joseph Lou Collins Burkhart who died on October 10, 2021, while in custody at the Claiborne County Jail [Doc. 1 p. 2]. He has now filed a motion to amend the complaint [Doc. 17], along with an accompanying

brief [Doc. 18]. Plaintiff seeks to add two personal representatives for the decedent: his mother, Shawn Burkhart ("Ms. Burkhart"), and his sister, Lacey Smith ("Ms. Smith") [*Id.* at 2]. Plaintiff represents that "[n]o change is made to the facts or allegations of the original complaint" [Doc. 17 p. 1].

Russell Ruszkowski in his individual capacity, New Tazewell, Tennessee, and Claiborne County, Tennessee (together "Defendants") filed a joint response in opposition to Plaintiff's motion [Doc. 21]. While Defendants do not seem to contest the addition of the decedent's mother as a personal representative [*see id.* at 3 & 3 n.1], Defendants do assert that Ms. Smith "does not have standing to bring a lawsuit on behalf of the decedent" under Tennessee Code §§ 20-5-102 and 20-5-106 [*Id.* at 1–2]. As a result, Defendants argue that the proposed amendment would not withstand a Rule 12(b)(6) motion to dismiss and is therefore futile [*Id.*].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

## III. ANALYSIS

"It is well established in this Circuit that 'a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort.'" *Foos v. City of Delaware*, 492 F. App'x. 582, 592 (6th Cir. 2012) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)). Thus, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim[.]" *Claybrook*, 199 F.3d at 357.

The alleged victim here is deceased. The Supreme Court has "identified the law of the forum as the 'principal reference point in determining survival of civil rights actions[.]'" *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 682 (W.D. Tenn. 2015) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 589–90 (1978)) (alteration in original). The Court must therefore look to Tennessee law.

In Tennessee,

> [n]o civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.

Tenn. Code Ann. § 20-5-102. Under § 20-5-106,

> [t]he right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the

3

> administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

Tenn. Code Ann. § 20-5-106(a).

"An action brought under this statute 'may be instituted by the personal representative of the deceased or by the surviving spouse in the spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin.'" *Sipes v. Madison Cnty.*, No. 12-1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014) (quoting Tenn. Code Ann. § 20-5-107(a)). The phrase, "next of kin," "refers to the 'next or nearest in blood' and follows the generally applicable line of consanguinity." *Id.* (quoting *Sneed v. Henderson*, 366 S.W. 2d 758, 760 (Tenn. 1963)). Accordingly, "the superior right to bring a survivor suit in Tennessee is granted first to a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth." *Id.* (citing Tenn. Code Ann. § 31-2-104). "An inferior beneficiary may not sue until the person with the prior and superior right waives his right of action." *Id.* (citing *Koontz v. Fleming*, 65 S.W. 2d 821, 824 (Tenn. Ct. App. 1933)).

Here, there is no indication of any surviving spouse or children of Mr. Burkhart. As the decedent's sister, Ms. Smith's right to bring a survivor suit would be inferior to the decedent's parents. And there is no indication that the decedent's parents have waived their right to bring this action. Ms. Smith, therefore, may not bring this civil suit on behalf of the decedent at this time. As such, were the Complaint to be amended to add Ms. Smith as a personal representative, it would not survive a 12(b)(6) motion, which makes the amendment futile.

## IV. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS**[1] that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Amend [**Doc. 17**]. If the District Judge agrees with this recommendation, the undersigned further **RECOMMENDS** that Plaintiff have seven (7) days from entry of the order to file an amended complaint to add Ms. Burkhart as a personal representative for the decedent.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).