UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH COLLINS and SHAWN BURKHART, as personal representatives and next of kin of JOSEPH LOU COLLINS BURKHART, deceased; | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 3:22-CV-358-KAC-JEM |
| v. | ) ) ) | |
| CLAIBORNE COUNTY, TENNESSEE; | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on (1) Defendant Claiborne County, Tennessee's "Motion to Exclude Witnesses" [Doc. 103] and (2) Defendant's "Motion to Exclude Damage Claim" [Doc. 101]. For the reasons below, the Court (1) **GRANTS** Defendant's Motion to Exclude Witnesses [Doc. 103] **in part** as to Robert William Kane and David Mundy and (2) **GRANTS** Defendant's Motion to Exclude Damage Claim [Doc. 101] **in part** as to Plaintiffs' loss of consortium damages.

**I.     Background**

This case arises out of the October 10, 2021 death of Joseph Burkhart while in Defendant's custody [*See* Doc. 33 ¶ 1]. In the operative First Amended Complaint, Plaintiffs Joseph Collins and Shawn Burkhart bring a claim under 42 U.S.C. § 1983 against Defendant and request "an award of all damages sustained by Burkhart, including the mental and physical suffering Burkhart endured before his death on October 10, 2021; the pecuniary value of the life of Burkhart; and all medical and further expenses incurred" [*Id.* ¶ 34]. In the prayer for relief, they seek "[a]n award

of all compensatory damages in the amount of one million, five hundred thousand dollars" [*Id.* at 6]. Their initial Complaint contained a nearly-identical request [*See* Doc. 1 at 7-8].

The Parties agreed to exchange initial Federal Rule of Civil Procedure 26(a) disclosures by January 15, 2023 [Doc. 13 at 2]. In their initial disclosures, Plaintiffs requested "back pay, compensatory damages joint and severally against the Defendants in the amount of $1,500,000.00; prejudgment interest to be determined at the conclusion of trial; court cost to be determined at the conclusion of the trial; [and] attorney's fees to be determined at the conclusion of the trial" [Doc. 103-1 at 2]. Plaintiff also disclosed two (2) specific individuals and seven (7) categories of individuals likely to have discoverable information [*See* Doc. 103-1 at 1-2]. Plaintiffs did not supplement these disclosures in any relevant way while discovery was open.

The Scheduling Order set the deadlines for final pretrial disclosures [*See* Doc. 75]. It required Plaintiffs to give Defendant a final witness list and a list of damages at least thirty (30) days before the final pretrial conference [*See id.* at 2]. The Scheduling Order warned that a "[f]ailure to fully comply" with its requirements would "likely result in the Court excluding these items from use at trial in the relevant Party's case-in-chief" [*Id.*]. The Scheduling Order also required the Parties to submit a joint proposed final pretrial order before the final pretrial conference, which must include each Parties' claimed damages and "the method by which damages should be calculated" [*Id.* at 3].

On December 8, 2025, Plaintiffs filed their most recent "Pretrial Disclosures," which identified twenty-four (24) witnesses for trial, designated deposition testimony of seven (7) witnesses for trial, and identified their proposed trial exhibits [*See generally* Doc. 95]. The Pretrial Disclosures did not include information regarding Plaintiffs' claimed damages.

2

In the Joint Proposed Pretrial Order, Plaintiffs calculated Mr. Burkhart's "additional life expectancy" to be "50.5 years" based upon "U.S. Life Tables" and requested "an award of all damages available under Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-113" and "their reasonable attorneys' fees and costs" [*See* Doc. 111 at 10]. On November 24, 2025, before filing the Joint Proposed Pretrial Order with the Court, Plaintiffs sent Defendant a proposal containing the same damages language [*See* Doc. 117 at 2].

Defendant objected to Plaintiffs' list of witnesses and moved to exclude eleven (11) witnesses [*See* Doc. 103]. Defendant argues that Plaintiffs failed to disclose these witnesses as required by Federal Rule of Civil Procedure 26 [*See id.* at 1]. Plaintiffs argue that they were not required to disclose these witnesses [*See* Doc. 116 at 1]. Defendant replied [Doc. 120]. Defendant has since withdrawn its objection to one (1) witness [*See* Doc. 120 at 2]. And only three (3) of the objected-to witnesses are on Plaintiffs' final witness list for trial: Mayor Joseph Brooks, Robert William Kane, and David Mundy [*See* Doc. 123 at 1].

Defendant also objected to Plaintiffs' damages claim and moved to prohibit Plaintiffs from recovering any damages under Rules 26 and 37 [*See* Doc. 101]. Plaintiffs argue that "it has always been clear to Defendant that this is a wrongful death action, and Plaintiffs seek wrongful death damages as allowed under Tennessee law" [Doc. 117 at 2]. For the first time in their response, Plaintiffs categorize the precise "forms of wrongful death damages" they seek and corresponding amounts [*See* Doc. 117 at 3-5]. As relevant here, they seek $1,642,000 in damages for loss of consortium because "Shawn Burkhart and her family have loss the intangible benefit of" her son Joseph Burkhart [*See id.* at 4-5]. Defendant replied, arguing that (1) Plaintiffs' inadequate disclosures justify exclusion and (2) consortium damages are not available under Section 1983 [*See* Doc. 119]. Plaintiffs filed a further response [*See* Doc. 134].

3

## II. Analysis

The discovery rules exist to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter and Gamble Co.*, 356 U.S. 677, 682 (1958) (citation omitted). To accomplish this, Federal Rule of Civil Procedure 26(a) generally requires Parties to make initial disclosures at the beginning of a case. Every party must disclose to the opposing side "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless that use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Every party seeking damages must also exchange "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of the injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). The Rules require a party to supplement its disclosure "in a timely manner" when it learns that a disclosure is materially "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

If a party fails to disclose information or individuals as required by Rule 26, the Court must exclude the information or witness from trial or impose other appropriate sanctions "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether failure to make a pretrial disclosure is "substantially justified" or "harmless," the Court considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

4

### A. Defendant's Objection To Plaintiffs' Witness List [Doc. 103]

Defendant's objection to three (3) witnesses remains live: Mayor Joseph Brooks, Robert Williams Kane, and David Mundy [*See* Doc. 123]. The Court addresses each witness in turn.

### i. *Mayor Joseph Brooks*

Joseph Brooks is Claiborne County Mayor. Plaintiffs wish to offer him at trial to present "policymaker knowledge and action regarding foreseeability and deliberate indifference" [Doc. 116 at 4]. Plaintiffs argue that they were not required to formally amend their disclosure to include Mayor Brooks because: (1) his "role[] and actions are reflected throughout the documentary record and [his] relevance flows directly from Plaintiffs' pleaded theory of liability," (2) Plaintiffs disclosed him when they served their first pretrial disclosures on Defendant in January 2024, (3) Defendant was aware of Plaintiffs' intent to call Mayor Brooks since they sought to quash a subpoena for him to testify in January 2025, and (4) he was deposed for proof, under objection, in September 2025 [*See id.* at 4-5].

Plaintiffs failed to comply with Rule 26 as it relates to Mayor Brooks, but in the end, their failure is "harmless." Plaintiffs' first argument is patently unavailing—Rule 26 requires more than the presence of a witness's name in documents produced in discovery. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 (E.D. Ky. 2014); *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020) (stating that a Party's Rule 26 obligations are not satisfied simply because the information "can somehow be unearthed like a needle in a haystack" within a production). And Rule 26 requires "timely" supplemental disclosure. *See* Fed. R. Civ. P. 26(e). Timeliness generally requires disclosure before discovery closes. *See E.E.O.C. v. Dolgencorp,* LLC, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016); *see also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 217 n.7 (6th Cirt. 2019) (stating that requiring parties to make supplemental disclosures "before the close of discovery and within 30 days of discovering it" "seems reasonable absent bad faith or

5

gamesmanship"). Discovery had closed when Plaintiffs made their 2024 disclosures, Defendant's moved to quash the subpoena for Mayor Brooks, and Mayor Brooks was deposed [*See* Doc. 13 at 2]. Therefore, Plaintiffs failed to comply with Rule 26.

However, Plaintiffs' failure was "harmless." *See* Fed. R. Civ. P. 37(c); *Howe*, 801 F.3d at 748. **First**, Defendant has been aware that Plaintiffs intended to call Mayor Brooks at trial since January 2024 [*See* Doc. 116-2 at 2, 7]. Further, Defendant's counsel was present at Mayor Brooks's deposition for proof, and Plaintiffs relied on that deposition during motions practice [*See* Doc. 82-1]. On this record, Defendant cannot claim surprise about what Mayor Brooks might testify to or how Plaintiffs might seek to use his testimony. *See Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508, 2024 WL 4011957, at *4 (E.D. Tenn. Sep. 1, 2024). **Second**, if there is no surprise, there is no need to cure. *See id.* **Third**, Defendant will be able to effectively cross-examine Mayor Brooks at trial, providing any needed cure and showing that allowing his testimony is unlikely to significantly disrupt the trial. *See Howe*, 801 F.3d at 748-49. **Fourth**, it remains to be seen how significant Mayor Brooks's testimony is to Plaintiffs' proof, so this factor "cuts both ways." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906 (E.D. Ky. May 25, 2017) (collecting cases), *aff'd* 768 F. App'x 459, 469 (6th Cir. 2019). **Finally,** Plaintiffs' mistaken belief that they were not required to disclose Mayor Brooks is not exculpatory. *See RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 671 (6th Cir. 2024). But Plaintiffs' failure to identify him before 2024 does not "suggest[] an attempt to 'hide the ball' to gain a tactical advantage." *See Barnette v. Grizzly Processing, LLC*, 809 F. Supp. 2d 636, 642 (E.D. Ky. 2011). At bottom, because Plaintiffs' failure to disclose Mayor Brooks was "harmless," the Court **DENIES** the Motion as to Mayor Joseph Brooks.

6

### ii.  Robert William Kane

Robert William Kane is a Tennessee Correction Institute (TCI) Agent who TCI records suggest inspected the Claiborne County jail in 2017, 2019, and 2020 [*See* Doc. 49-1]. Plaintiffs argue that Kane's "identity has been made known to Defendant throughout discovery by virtue of the many TCI reports produced in this case" and that it disclosed Kane as a witness in its 2024 disclosures [*See id.* at 2-3].[1]  As analyzed above, however, mention of Kane in discovery documents and including Kane in Plaintiffs' 2024 witness list does not satisfy Rule 26.  So again, Plaintiffs failed to comply with Rule 26.

But this time, the failure was not substantially justified or harmless.  *See* Rule 37(c)(1). Plaintiffs did not disclose Kane until discovery had closed [*See* Doc. 116-2 at 2].  And he was not deposed, creating a great risk of surprise to Defendant.  Certain TCI inspection reports have been identified as trial exhibits, but it is unclear what Kane's testimony would add to the substance of the reports, leaving Defendant unable to efficiently cure the surprise through cross-examination at trial [*See* Doc. 95 at 5].  Moreover, the Court granted a motion in limine excluding all but the 2021 and 2022 TCI reports [*See* Doc. 114].  It does not appear that Kane authored the 2021 or 2022 reports [*See* Doc. 49-1 at 41, 46, 50].  This makes Kane's importance to this case unclear and any potential testimony at trial disruptive.  And Plaintiffs' have not presented a satisfactory explanation for their failure to disclose Kane.  "Under Rule 37(c)(1), forgiveness must be earned" through a Party's actions.  *Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 WL 5867496, at *11 (E.D. Ky. Oct. 6, 2016).  Plaintiffs have failed; so, the Court **GRANTS** the Motion as to Robert William Kane.

---

[1] Plaintiffs also argue that Kane is on Defendant's witness list, [*see* Doc. 116 at 3]; that is inaccurate, [*see* Doc. 96].

### iii. David Mundy

David Mundy is a Claiborne County Commissioner [Doc. 116 at 4]. Plaintiffs argue that they were not required to formally disclose Mundy because his "identit[y], position[], and actions are reflected in public records, County resolutions, and documentary evidence produced in discovery" [*Id.*]. But, as discussed above, Rule 26 requires more than the presence of a witness's name in documents produced in discovery. *See McFerrin*, 29 F. Supp. 3d at 932; *Morris*, 969 F.3d at 766. So, again, Plaintiffs failed to comply with Rule 26.

And here too, the failure was not substantially justified or harmless. *See* Rule 37(c)(1). Plaintiffs argue that Mundy's "positions" are reflected in "documentary evidence," but the only document they attached is a "A Resolution to Hire Legal Counsel" that Mundy sponsored [Doc. 116-4]. This limited disclosure, coupled with Plaintiffs' reliance on generic and unidentified "public records" and Mundy's connection to their "pleaded theory of liability," creates a great risk of surprise to Defendant. *Cf. EQT*, 768 F. App'x at 468 (affirming finding of surprise because disclosure of "raw data" did not reveal the significance to the opposing side). The record also leaves Defendant unable to prepare an effective cross-examination of Mundy, limiting Defendant's ability to cure and increasing the possibility of a disruption at trial. *See id.* The potential value of Mundy's testimony is yet to be seen, and Plaintiffs' fail to provide a reasoned explanation for their nondisclosure. On balance, Plaintiffs' failure to disclose Mundy was not substantially justified or harmless. So, the Court **GRANTS** Defendant's Motion as to David Mundy.

### B. Defendant's Objection To Plaintiffs' Damages Claim [Doc. 101]

Moving to Defendant's second Motion, Plaintiffs' failure to adequately disclose their damages is generally "harmless." But Section 1983 does not allow them to recover damages for loss of consortium.

> *i.* *Plaintiffs' Failure To Adequately Disclose Their Damages Is Generally Harmless*

Defendant first argues that the Court should prohibit Plaintiffs from "pursuing any monetary damages at trial" due to their failure to provide sufficient disclosure [*See* Doc. 101 at 2]. Here too, Plaintiffs failed to comply with Rule 26 [*See* Doc. 103-1 at 2]. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 369 (6th Cir. 2010) (holding that Rule 26 requires more than notice of a claim for damages). But Plaintiffs' failure is ultimately "harmless." *See Howe*, 801 F.3d at 748.

Begin with surprise. For over three (3) years, Defendant has been aware that Plaintiffs seek "an award of all damages sustained by Burkhart, including the mental and physical suffering Burkhart endured before his death on October 10, 2021; the pecuniary value of the life of Burkhart; and all medical and funeral expenses incurred" [*See* Doc. 1 at 7]. Defendant was also aware that Plaintiffs calculated these "compensatory damages" at $1,500,000 [*See id.* at 2]. The compensatory damages available under Tennessee's wrongful death statute is a well-trod area of the law. *See Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (Tenn. 1999). While specific amounts or methods for calculating damages might be unique, Defendant cannot claim to be surprised that Plaintiffs seek compensatory damages for the value of Mr. Burkhart's life [*See* Doc. 1 at 8]. Moreover, Defendant had the entirety of discovery to probe on the categories of compensatory damages Plaintiffs seek, amounts, and method of calculation. *See Jordan v. City of Cleveland*, 464 F.3d 584, 601 n.22 (6th Cir. 2006) (emphasizing that Rule 37 sanctions would be inappropriate because defendant could have conducted discovery as to damages).

Factors two and three have generally weighed in favor of excluding evidence of damages when the late-disclosed evidence is particularly complex or novel. *See EQT*, 768 F. App'x at 469. But where a defendant understands what a plaintiff seeks to recover and can meaningfully cross-

9

Case 3:22-cv-00358-KAC-JEM    Document 137    Filed 01/19/26    Page 9 of 12
PageID #: 1418

examine witnesses about damages, these factors weigh against exclusion. *See Howe*, 801 F.3d at 749. Here, Plaintiffs are not presenting an expert on damages, and their methods for calculating damages are simple [*See* Doc. 124 at 2]. So, Defendant's opportunity to cross examine witnesses on damages is likely sufficient to remedy any potential surprise and to minimize the impact on trial. *See EQT*, 768 F. App'x at 469 (citing *Howe*, 801 F.3d at 749). These factors, therefore, weigh against exclusion. Defendant's argument that Plaintiffs cannot prove the damages they seek is a separate question left for trial [*See* Doc. 119 at 2-4].

Finally, evidence of damages is important to Plaintiffs' case. But this "cuts both ways." *EQT*, 2017 WL 2295906, at *5. And Plaintiffs have not offered a satisfactory explanation for their failure to more-fully describe their damages sooner. This factor alone, however, does not outweigh the other factors to justify total exclusion of Plaintiffs' damages claim. *See Trapp v. Fed. Express Corp.*, 647 F. Supp. 3d 567, 570 (E.D. Mich. 2022). On balance, subject to the Court's analysis below regarding loss of consortium, Plaintiffs did just enough to show that their failure to comply with Rule 26 is "harmless." *See* Fed. R. Civ. P. 37(c). So, the Court **DENIES** Defendant's request to prohibit Plaintiffs "from pursuing any monetary damages at trial" [Doc. 101].

    ii.    *Plaintiffs Cannot Recover Loss Of Consortium Damages*

Section 1983 does not allow Plaintiffs to recover damages for loss of consortium.[2] Damages in a Section 1983 action are governed by state law provided that state law "is not inconsistent with the Constitution and laws of the United States." *See* 42 U.S.C. § 1988; *see also Robertson v. Wegmann*, 436 U.S. 584, 588 (1978). "In the Sixth Circuit, a section 1983 cause of

---

[2] Defendant raised this issue for the first time in its reply brief. Ordinarily, the Court would not consider arguments raised for the first time in a reply. *See Murray v. City of Elizabethton, Tenn.*, 661 F. Supp. 3d 786, 804 (E.D. Tenn. 2023). However, Plaintiffs did not disclose their desire to seek damages for loss of consortium until they filed their Response [*See* Doc. 117 at 5]. And the Court identified the issue and gave Plaintiffs an opportunity to address Defendant's argument [*See* Doc. 128]. Plaintiffs took that opportunity [*See* Doc. 134].

10

action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). "[O]nly the purported victim, or his estate's representative(s), may prosecute a section 1983 claim," and "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other collateral injuries allegedly suffered personally by the victim's family members." *Id.*

Tennessee Code Annotated § 20-5-113 allows a wrongful death plaintiff to recover loss of consortium as a part of the pecuniary value of the deceased's life. *See Jordan*, 984 S.W.2d at 595. Under Tennessee law, a plaintiff may "recover both damages suffered by the decedent" and "damages suffered by the beneficiaries." *See Beard v. Branson*, 528 S.W.3d 487, 498 (Tenn. 2017); *see also Williams v. Smyrna Residential, LLC*, 685 S.W.3d 718, 733-34 (Tenn. 2024). But Section 1983 only borrows damages from Tennessee law to the extent the damages are "not inconsistent" with federal law.

Under federal law, only damages that are personal to the direct victim of the alleged unconstitutional act are recoverable. *See Claybrook*, 199 F.3d at 357. "[O]ther collateral injuries allegedly suffered personally by the victim's family members" are not. *See id.*; *see also Robinson v. City of Memphis*, 340 F. Supp. 2d 864, 872 (W.D. Tenn. 2004); *see also Hill v. Blount Cnty. Schs.*, No. 3:14-CV-97-PLR-HBG, 2015 WL 13813827, at *2-3 (E.D. Tenn. Mar. 9, 2015); *Boyer v. Lacy*, No. 14-CV-11503, 2015 WL 13307075, at *10 (E.D. Mich. July 15, 2015), *aff'd* 665 F. App'x 476 (6th Cir. 2016).

Against this precedent, Plaintiffs argue that the Court should follow *Kinzer v. Metropolitan Government of Nashville*[3]. *Kinzer* is inapposite. There, at the Rule 12 stage, the Court construed the complaint to include "a pendent state claim" for loss of consortium. *Id.* at 947 (noting that the

---

[3] 451 F. Supp. 2d 931 (M.D. Tenn. 2006).

11

Court had jurisdiction under 28 U.S.C. § 1367). But Plaintiffs raised no state law claim here [*See* Doc. 33]. And it would be inappropriate to allow Plaintiffs to amended their complaint to add one on the eve of trial. As *Kinzer* recognized, "Section 1983 . . . does not provide a mechanism for a decedent's family members to recover their own damages, regardless of whether such damages are or are not available under state law." 451 F. Supp. 2d at 933. Accordingly, the Court **GRANTS** Defendant's Motion as it relates to Plaintiffs' loss of consortium damages.

### III. Conclusion

For the above reasons, the Court **GRANTS** Defendant's Motion to Exclude Witnesses [Doc. 103] **in part** as to Robert William Kane and David Mundy. And the Court **GRANTS** Defendant's Motion to Exclude Damages [Doc. 101] **in part** as it relates to damages for loss of consortium.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge